UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AARON MCNEAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:19-cv-03607-JRS-TAB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Aaron McNeal for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice**.** In addition, the Court finds that a certificate of appealability should not issue**.**

### I. The § 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

On January 12, 2016, Mr. McNeal was charged in an Indictment with theft of a firearm from a federal firearms licensee in violation of 18 U.S.C. § 922(u). *United States v. McNeal*, 1:16-cr-12-JRS-DML-2 ("Cr. Dkt.") dkt. 24. Mr. McNeal filed a petition to enter a guilty plea and plea agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Civil Procedure on March 2, 2016. *Id.* dkt. 49. The Court accepted the plea agreement and sentenced Mr. McNeal to a term of 90 months' imprisonment. *Id.* dkt. 64. The Court entered final judgment on July 8, 2016. *Id.* dkt. 65. Mr. McNeal did not appeal. Mr. McNeal then filed this motion for relief pursuant to 28 U.S.C. § 2255 on August 23, 2019. Dkt. 1.

## III. Discussion

Mr. McNeal argues that his counsel was ineffective when he advised him to accept a plea agreement and failed to object to the base offense level calculation and present mitigation evidence. The United States argues that Mr. McNeal's motion must be dismissed because it is time-barred.

28 U.S.C. § 2255(f) provides the applicable statute of limitations for filing:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
**(1)** the date on which the judgment of conviction becomes final;
**(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
**(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
**(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States,* 537 U.S. 522, 527 (2003).

2

Judgment was issued in this case July 8, 2016. Cr. Dkt. 65. Mr. McNeal's conviction became final when his time to appeal expired fourteen days later. He therefore had until July 22, 2017, to file a § 2255 motion. Mr. McNeal's motion, filed on August 23, 2019, was filed two years too late. Mr. McNeal argues that this late filing should be excused because he suffered a government-created impediment to filing the motion and that he is entitled to equitable tolling of the statute of limitations.

A. *Impediment to Making the Motion*

Title 28 U.S.C. § 2255(f)(2) provides that the statute of limitations starts to run when a government action in violation of the Constitution or laws of the United States that creates an impediment to filing is removed. Mr. McNeal argues that the fact that he received no law library training and was sexually assaulted by another inmate while in prison amounted to government-created impediments that prevented him from timely filing his motion.

First, lack of access to a prison law library may amount to a government-created impediment to the filing of a § 2255 motion that could entitle a movant to a later start date for the one-year statute of limitations. *Estremera v. United States*, 724 F.3d 773, 776-77 (7th Cir. 2013). But Mr. McNeal asserts that he "was not prohibited from accessing the law library at the federal penal institutions." Dkt. 2 p. 5. Rather, he argues that "without proper training in both legal research techniques and legal language, prisoners like Aaron could never be expected to figure out how much time they have or even what claims to bring. " Dkt. 2 p. 7. Mr. McNeal has not sufficiently explained how lack of legal training when he had access to a legal library amounts to a government action in violation of the Constitution or laws of the United States that caused an impediment to filing. *Cf. Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (an impediment to filing under the similar statute applicable to habeas corpus petitions must actually "*prevent* a

3

prisoner from filing his petition"); *Stamps v. Duncan*, 2014 WL 3748638 (N.D. Ill. July 30, 2014) (alleged lack of law clerks and their lack of legal training and inability to respond to questions did not create an impediment to filing).

In addition, Mr. McNeal argues that the fact he was sexually assaulted by a fellow inmate also amounts to a government-created impediment to filing. He contends that, because he was a young and vulnerable prisoner, he should have been protected from the assault. Under the Eighth Amendment, prison officials have a duty to "'take reasonable measures to guarantee the safety of inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 1 (1992)). But not every harm caused by another inmate results in liability under the Eighth Amendment. *Id.* at 834. To prevail on an Eighth Amendment claim, a plaintiff must demonstrate two elements: (1) he was exposed to an objectively serious risk of harm; and (2) the defendant knew about risk of harm, but disregarded that risk. *Id.* at 837. Mr. McNeal has not alleged that any government official was specifically aware of and disregarded a risk of harm to him. He also does not sufficiently allege that these assaults actually prevented him from filing his § 2255 motion. He therefore has not shown that the assaults amounted to "governmental action in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(f)(2).

Because Mr. McNeal has not identified a government-created impediment to timely filing his § 2255 motion, he is not entitled to invoke the accrual of the statute of limitations in § 2255(f)(2).

B. *Equitable Tolling*

Mr. McNeal also argues that the deadline should be equitably tolled. "Although not a chimera—something that exists only in the imagination, equitable tolling is an extraordinary remedy that is rarely granted." *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (citations

and quotation marks omitted). Equitable tolling is available when an applicant shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *Gray v. Zatecky*, 865 F.3d 909, 912 (7th Cir. 2017) (quoting *Holland*, 560 U.S. at 649). These two "elements" are distinct. *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). The diligence element "covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside its control." *Id.* It is the petitioner's "burden to establish both [elements]." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2015). The realm of equitable tolling is a "highly fact-dependent area in which courts are expected to employ 'flexible standards on a case-by-case basis.'" *Gray*, 865 F.3d at 912 (quoting *Socha*, 763 F.3d. at 684).

The first element of equitable tolling requires a petitioner to show that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. The Supreme Court has made clear that this element is "met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indiana Tribe*, 136 S. Ct. at 756 (discussing *Holland*). In analyzing this element, the Court must "look at 'the entire hand' that he was dealt and use a 'flexible standard that encompasses all of the circumstances that he faced and the cumulative effect of those circumstances' to determine whether they were 'extraordinary' and truly prevented timely filing of his habeas petition." *Carpenter*, 840 F.3d at 873 (quoting *Socha*, 763 F.3d 686).

In support of equitable tolling, Mr. McNeal argues that he was in shock when he entered prison, he was not provided any training on how to use the law library system, and that he was sexually assaulted during his first several months in the BOP.

5

The shock that Mr. McNeal experienced upon entering prison and the assaults he suffered, while terrible, do not justify equitable tolling. Mr. McNeal does not direct the Court to a case in which equitable tolling was allowed based on allegations of shock upon entering prison and sexual assault and the Court has been unable to find any. Mr. McNeal may be understood to argue that his situation made him mentally unable to pursue his claims. In *Davis v. Humphreys*, 747 F.3d 497 (7th Cir. 2014), the Seventh Circuit held that mental incompetence can satisfy the equitable tolling standard. But the court has explained that a petitioner must support his claim with "specific details … regarding his purported mental deficiencies." *Boulb v. United States,* 818 F.3d 334, 340 (7th Cir. 2016) (*citing Holland v. Florida,* 560 U.S. 631, 645 (2010)). Mr. McNeal has submitted no such report or any detailed description of how his understandable mental distress prevented him from considering his legal rights until three years after his conviction became final. *See also Obriecht v. Foster*, 727 F.3d 744, 750-51 (7th Cir. 2013) ("[M]ental illness tolls a statute of limitations only if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them."); *Alva v. Busby*, 588 Fed.Appx. 621, 622 (9th Cir. 2014) (denying equitable tolling where petitioner's claim that "he suffered from distress and hypoglycemia which caused confusion and difficulty thinking" was not enough to show that he was unable to understand the need to file timely and that it was impossible for him to meet the deadline "); *see also United States v. Williams*, 485 Fed.Appx. 978, 979 (10th Cir. 2012) ("Equitable tolling based on mental incapacity is warranted only in exceptional circumstances, where, for example, the objective standard of adjudication or institutionalization is met." (internal quotation marks omitted)).

Nor does Mr. McNeal's alleged lack of training on the use of the law library, even when considered with Mr. McNeal's mental state, justify equitable tolling. *See Socha*, 763 F.3d at 685

(holding that "[l]ack of legal knowledge, another feature shared by the overwhelming majority of prisoners," is not "by itself enough to justify equitable tolling"). Again, Mr. McNeal does not argue that he did not have access to the law library or that he has difficulty reading or speaking English. He argues only that he, like many other prisoners, has no formal training in using the law library. But "[t]he statutory deadlines would be meaningless if …these common problems were enough to override the normal rules." *Id.; Arrieta v. Battaglia,* 461 F.3d 861, 867 (7th Cir.2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling.").

## IV.  Conclusion

For the reasons explained in this Order, Aaron McNeal is not entitled to relief on his § 2255 motion because his motion is untimely. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice.  Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Entry in No. 1:16-cr-12-JRS-DML-2.**  The motion to vacate, Cr. Dkt. [97], shall also be **terminated** in the underlying criminal action.

## V.  Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014).  Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. McNeal has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

7

**IT IS SO ORDERED.**

Date: 7/10/2020

*[signature]*

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

AARON MCNEAL
13050-028
OKLAHOMA CITY - FTC
OKLAHOMA CITY FEDERAL TRANSFER CENTER
Inmate Mail/Parcels
P.O. BOX 898801
OKLAHOMA CITY, OK 73189

All Electronically Registered Counsel